

**U.S. Department of Justice**
United States Attorney
Eastern District of Louisiana

July 15, 2025

Honorable Susie Morgan
United States District Judge
Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana 70130

Re: *United States v. Eagle Ship Management, LLC*
   <u>Criminal Docket No. 25-138</u>

Dear Judge Morgan:

In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974) and with Rule 11 of the Federal Rules of Criminal Procedure, the U.S. Attorney's Office for the Eastern District of Louisiana and the Environmental Crimes Section of the U.S. Department of Justice ("Government") wish to acknowledge the following Agreement between the Government and Eagle Ship Management, LLC. ("Eagle Ship Management" or "Defendant") in the above-captioned criminal proceeding.

Defendant's undersigned counsel, having reviewed the terms of this Agreement, have been advised by an authorized corporate officer of Eagle Ship Management that it fully understands the terms of this Agreement, and that the undersigned corporate representative has been duly authorized to enter into this Agreement on its behalf.

<u>Rule 11(c)(1)(C) Plea</u>: The parties have proposed this Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) with the understanding that the Court can either accept or reject the Agreement but may not modify its terms. If the District Court modifies any portion of this Agreement, then any party will have the right to withdraw from the Agreement. Defendant

Page **1** of **8**

AUSA
Eagle Ship Management
Defense Counsel

understands and agrees that plea and sentencing will occur at different proceedings and that it will not seek to combine the plea and sentencing on the same date.

Criminal Charges: Defendant, having been advised through its counsel of the charges, agrees to enter a plea of guilty to Count 1 the Bill of Information filed in the Eastern District of Louisiana as set forth below:

Count 1: Knowing violation of the Act to Prevent Pollution from Ships by discharging oil-contaminated machinery space water without the use of an Oily Water Separator and Oil Content Monitor, and knowing failure to maintain an accurate Oil Record Book while in U.S. waters, in violation of the Act to Prevent Pollution from Ships, 33 U.S.C. § 1908(a); 33 C.F.R. Part 155 subpart B. 33 C.F.R. §§ 151.10(b)(4) and 151.25.

Defendant's Admission of Guilt: Defendant is pleading guilty because it is guilty and wishes to acknowledge its acceptance of responsibility for the criminal conduct described in the Bill of Information and Factual Basis that appears as **Attachment A** to this Agreement.

Maximum Fines and Penalties: Defendant further understands and agrees that as an organizational defendant the maximum penalty for the offense is $500,000, or, if greater, a fine of the greater of twice the gross gain to the defendant or twice the gross loss to any person under 18 U.S.C. § 3571(c) and (d); a term of probation of five years, pursuant to 18 U.S.C. § 3561(c)(1); and a special assessment of $400, pursuant to 18 U.S.C. § 3013(a)(2)(B). In pleading guilty, Defendant stipulates that the benefit of its criminal conduct was at least $1,000,000. The special assessment must be paid on the date of sentencing. Failure to pay the special assessment may result in the Plea Agreement being void.

Restitution: Defendant further understand that, in addition to any other penalty, the Court may order the payment of restitution to any victim of the offenses pursuant to the provisions of 18 U.S.C. § 3663. The parties are not aware of any factual basis that would support a finding that restitution is warranted in this case.

Sentence: Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the Government and Eagle Ship Management agree and stipulate to the following plea and sentence applicable to this case:

(1) Counts: Defendant Eagle Ship Management agrees to plead guilty to Count 1 of the Criminal Bill of Information.

Page **2** of **8**

AUSA

Eagle Ship Management
Defense Counsel

(2) Factual Basis: Defendant Eagle Ship Management admits that it is guilty of the offense charged in Count 1 of the Bill of Information, by and through the acts and omissions of its agents and employees, acting within the scope of their agency and employment and with the intent to benefit Eagle Ship Management, at least in part; and further, that the Factual Basis is a true and accurate statement of its criminal conduct and provides a sufficient factual basis for the plea.

(3) Scope: In exchange for the Defendant's guilty plea, and the promises set forth herein, the Government agrees that it will not criminally prosecute Eagle Ship Management and the following related entities: Eagle Bulk Shipping Inc. and its parent, in the Eastern District of Louisiana for any other related offenses that are known to the Government at the time of the signing of this Agreement. As part of this Agreement and solely because of the promises made by Defendant in this Agreement, the Environmental Crimes Section further agrees that it will not pursue additional criminal prosecution of the Defendant, Eagle Bulk Shipping Inc., or its parent, for the offenses charged in the Bill of Information or related offenses in any district that are known to the Government at the time of the signing of this Agreement. Defendant understands and agrees that neither this paragraph nor this Agreement limits the prosecuting authority of any other sections or divisions of the Department of Justice, including the U.S. Attorney of any other judicial district, or any other federal, state or local regulatory or prosecuting authorities. Furthermore, this Agreement does not provide or promise any waiver of any civil or administrative actions, sanctions, or penalties that may apply, including but not limited to: fines, penalties, claims for damages to natural resources, suspension, debarment, listing to restrict rights and opportunities of the Defendant to contract with or receive assistance, loans, and benefits from United States agencies, licensing, injunctive relief, or remedial action to comply with any applicable regulatory requirement. This Agreement has no effect on any proceedings against any defendant not expressly mentioned herein, including the actual or potential criminal liability of any individuals.

(4) Payments: Defendant shall pay a total criminal fine of $1,750,000 to be paid within twenty (20) days of sentencing.

(5) Special Assessment: As set forth above, Defendant Eagle Ship Management must pay a special assessment fee of $400 which is due in full on the day of sentencing.

Page **3** of **8**

AUSA

Eagle Ship Management

Defense Counsel

(6) Probation: Defendant Eagle Ship Management shall be placed on organizational probation, starting from the date of sentencing and lasting a term of four (4) years. In addition to whatever standard probation conditions might be imposed by the Court, Defendant Eagle Ship Management shall be subject to the following Special Conditions of Probation:

    a. Defendant shall commit no further violations of MARPOL 73/78, federal, state, or local law, and shall conduct all operations in accordance with the environmental laws of the United States;

    b. Payment in full of the monetary amounts set forth herein including the special assessment and criminal fine.

    c. At its own expense, and at no expense to the Government or the Court, Eagle Ship Management shall develop, adopt and implement an Environmental Compliance Plan ("ECP") subject to review and approval by the United States and consistent with USSG §8D1.4, and attached hereto as Attachment B and incorporated herein. As set forth in Attachment B, all vessels covered by the ECP ("covered vessels") and all shore side offices involved in technical management must be audited by an outside and independent external auditor subject to approval by the United States, *i.e.*, the Court Appointed Monitor ("CAM"). The CAM will also review audit results, assure overall compliance and report to the Court. All audits must be done underway unless, after consultation with ESM and notice to the Interested Parties, the CAM determines in his discretion that an in-port audit would be more appropriate. Each covered vessel must be audited at least four times during the period of probation unless the CAM recommends additional audits. Defendant understands and agrees that the ECP will be included as a Special Condition of Probation and that any violation of its terms by Defendant or any of its related entities or covered vessels may be grounds for the revocation of probation as to the Defendant.

    d. Defendant will not engage, participate, or assist in, or fund, any post-trial litigation or ancillary litigation brought by any person against the United States or any agency or person thereof.

Application of the Agreement: This Agreement shall bind the Defendant and its successors and assigns and parent and related corporations. Defendant shall further provide each undersigned prosecuting office and the United States Probation Office in the Eastern District of Louisiana with

Page **4** of **8**

AUSA

Eagle Ship Management

Defense Counsel

immediate notice of any name change, corporate reorganization, sale or purchase of a corporate entity or vessels subject to the ECP, signing or termination of ship management contracts, or similar significant action affecting this Agreement or the ECP. No change in name, change in corporate or individual control, corporate reorganization, change in ownership, merger, change of legal status, sale or purchase of vessels, signing or termination of ship management contracts, or similar action shall alter the responsibilities of the Defendant under this Agreement. Defendant understands and agrees that it shall not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement, including the special conditions of probation and the ECP.

<u>Appellate and Other Waivers of the Defendant</u>: Defendant understands that 18 U.S.C. § 3742 and 28 U.S.C. § 1291, may give a criminal defendant the right to appeal a conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that ordinarily it may have the right to file collateral challenges to conviction and sentence, and judgment, including but not limited to rights provided by 28 U.S.C. §§ 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of *coram nobis* and *audita querela*. Acknowledging these rights, subject only to the exceptions specifically indicated below, the Defendant, in exchange for the promises and Agreements made by the United States in this Plea Agreement, knowingly and voluntarily:

(1) Waives and gives up any right to appeal or contest its guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of its sentence, including but not limited to any and all rights which arise under 18 U.S.C. § 3742 and 28 U.S.C. § 1291; and

(2) Waives and gives up any right to challenge its sentence collaterally, including but not limited to any and all rights which arise under 28 U.S.C. §§ 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of *coram nobis* and *audita querela*, and any other collateral challenges to its sentence of any kind.

(3) Waives any right to seek or pursue attorney's fees or other litigation expenses, or damages under the Hyde Amendment, 18 U.S.C. § 3006A, and that it acknowledges and agrees that the Government's positions and prosecution of this matter were not vexatious, frivolous, or in bad faith. Defendant further agrees that Eagle Ship Management, or any affiliated entity or any agents acting on its behalf now or in the future, waive any and all claims against the United States Coast Guard, U.S. Department of Homeland Security, U.S. Department

AUSA

Eagle Ship Management

Defense Counsel

of Justice, or agent, employee, or contractor of any governmental entity, which relate to any aspect of the inspection, examination, and detention of the *M/V Gannett Bulker* or the criminal investigation of this matter, including any related surety or Agreement on Security. Defendant further agrees that it will not pursue or in any way support, directly or indirectly, any legal action or lawsuits, including those brought by third parties, against the United States or any agency, or any personnel, related to the inspection, investigation, or prosecution of Defendant in this matter or involving the *M/V Gannett Bulker*. Defendant further agree to take no position on whether or to what extent the Court should issue an award pursuant to the Act to Prevent Pollution from Ships and that it nor its attorneys will take any position on any application for an award if one is made, unless requested to do so by the United States.

(4) Waives any and all defenses and claims with regard to the statute of limitations, laches, or any other arguments that any aspect of the charges is time-barred. In the event that this Agreement is not accepted by the Court for any reason, or the Defendant breach any of the terms of this Agreement, the statute of limitations shall be deemed to be tolled from the date of the Plea Agreement to: (1) 120 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 120 days following the date on which a breach of the Plea Agreement by the Defendant is discovered by the Government

(5) Defendant agrees that the criminal fine and special assessment are not dischargeable in bankruptcy or an insolvency proceeding and that the defendant will not seek or cause to be sought a discharge or finding or dischargeability as to the criminal fine or special assessment.

(6) Defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of its conviction will be immediately submitted to the Treasury Offset Program. Defendant waives any objection to its inclusion in the Treasury Offset Program.

(7) Defendant knowingly, voluntarily, and expressly waive its rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this Plea Agreement and the Joint Factual Statement. Defendant understands and agrees that in the event that it violates the Plea Agreement or seeks to withdraw or withdraws its decision to plead guilty or guilty plea, then any statements made by Defendant, including any statements made in court proceedings or in the Joint Factual Basis, leads from such statements, factual bases or summaries, shall be admissible for all purposes against Defendant in any and all criminal

Page **6** of **8**

AUSA

Eagle Ship Management

Defense Counsel

proceedings. The only exception to this paragraph is where the Defendant fully comply with this agreement, but the Court nonetheless rejects it. Under those circumstances, the United States may not use Defendant's statements against the Defendant.

Corporate Authorization: Defendant Eagle Ship Management represents that it is authorized to enter into this Plea Agreement and to bind itself all terms. At the time of signing this Agreement, Defendant shall provide to the United States with a written statement in the form of duly authorized corporate resolution certifying that Defendant is authorized to enter into and comply with all of the provisions of this Plea Agreement. The resolutions further shall certify that Defendant's Board of Directors has authorized these actions, and that all corporate formalities for such authorizations have been observed.

Completeness: Defendant understand that the statements set forth above and in the attached Factual Basis and ECP represent Defendant's Agreement with the Government; that there are not any other Agreements, letters, or notations that will affect this Agreement. The terms set forth herein remain subject to review and approval by both prosecuting offices. This Agreement will be final when signed by all parties and filed in Court.

Very truly yours,

ADAM GUSTAFSON
Acting Assistant Attorney General m
Environmental & Natural Resources Division
U.S. Department of Justice

Richard A Udell
Senior Litigation Counsel
Environmental Crimes Section
U.S. Department of Justice
150 M St., N.E./Room 4206
Washington, D.C. 20044
Telephone: (202) 305-0361
Email: richard.udell@usdoj.gov

MICHAEL M. SIMPSON
Acting United States Attorney

G. Dall Kammer (26948)
Assistant U.S Attorney
650 Poydras Street, Suite 1600
New Orleans, LA 70130
Telephone: (504) 680-3168
Email: dall.kammer@usdoj.gov

Page **7** of **8**

AUSA
Eagle Ship Management
Defense Counsel

FOR THE DEFENDANT,

On behalf of the Defendant Eagle Ship Management, LLC, I have been authorized by a corporate resolution to sign and bind Eagle Ship Management to this Plea Agreement. Eagle Ship Management has been advised by its attorneys of its rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this Agreement. Eagle Ship Management voluntarily agrees to all of the terms of this Agreement. No promises or inducements have been made to Eagle Ship Management other than those contained in this Agreement. No one has threatened or forced Eagle Ship Management in any way to enter into this Agreement. Eagle Ship Management is satisfied by the representation of its attorneys in this matter.

_____
Bo Westergaard Jensen, President
Eagle Ship Management, LLC

We are counsel for Eagle Ship Management, LLC. We have discussed every part of this Agreement with the authorized representatives of Eagle Ship Management. We have advised the Defendant of its rights, of possible defenses, of the Sentencing Guidelines provisions, and of the consequences of entering into this Agreement.  To our knowledge, the decisions of Eagle Ship Management to enter into this Agreement are informed and voluntary.

_____
Gregory F. Linsin
Counsel for Eagle Ship Management, LLC

_____
Stacey H. Mitchell,
Counsel for Eagle Ship Management, LLC

_____
Harry Rosenberg
Counsel for Eagle Ship Management, LLC

Page **8** of **8**

AUSA _____
Eagle Ship Management _____
Defense Counsel _____